# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BARBARA ROSS,

    Plaintiff,

v.                                                          CASE NO. 4:08cv14-RH/WCS

DEPARTMENT OF CHILDREN
& FAMILIES, et al.,

    Defendants.

_____/

## ORDER CONFIRMING EXTENSION OF
## DEADLINE FOR SUMMARY-JUDGMENT RESPONSE

The defendant has responded to the plaintiff's motion for an extension of the deadline for responding to the defendant's summary-judgment motion. The defendant's response apparently was prepared before the defendant became aware of the order that (1) granted the motion for an extension and (2) indicated that the defendant could file an emergency motion for reconsideration but only after referring back to the American College of Trial Lawyers Codes of Pretrial and Trial Conduct cited in the Scheduling and Mediation Order entered in this case on March 4, 2008 (*see* document 10 at 5 ¶11). I treat the response as a motion for

reconsideration, and I deny it.

In the response, the defendant recounts the plaintiff's unwillingness to agree to the defendant's request for a three-day extension of the deadline for filing the summary-judgment motion in the first place. The plaintiff would agree to only two days, and the defendant settled for that. I would have granted the request for a three-day extension.

Each side should immediately have acceded to the other side's extension request. Perhaps the plaintiff started it; perhaps not. It does not matter. An attorney should extend professional courtesy even to a discourteous adversary—not in the expectation of reciprocal treatment, but because it is the right thing to do.

It was precisely to avoid conduct of this type that the Scheduling and Mediation Order cited the American College Codes of Conduct. With respect to extensions, the Pretrial Code provides:

> (1) Courts expect lawyers to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. Opposing such requests wastes resources and needlessly inconveniences courts, which are likely to grant such requests, even if opposed. Lawyers should explain these principles to their clients and should insist on adhering to them, unless the clients' legitimate interests will be adversely affected.
>
> (2) A lawyer should request an extension only when additional time is actually needed, and never merely for purposes of delay. In requesting an extension of time, a lawyer should explain to opposing counsel the reasons for the request.

    (3)    A lawyer who receives a reasonable request for extension — especially an initial request — should grant the request unless it is clearly inconsistent with the legitimate interests of the lawyer's client.

American College of Trial Lawyers, Code of Pretrial Conduct at 2.

The passage could have been written specifically for this case.

It is true, of course, that there was limited room for extensions in the case at bar. The trial date will not be moved. The summary-judgment motion must be filed and briefed in time for resolution at or before the pretrial conference. But these extensions have not prevented this.

For these reasons,

IT IS ORDERED:

The defendant's response to the plaintiff's motion for extension of time to respond to the defendant's summary-judgment motion is treated as a motion for reconsideration of the order granting the extension and is DENIED.

SO ORDERED on September 4, 2008.

                                              s/Robert L. Hinkle
                                              Chief United States District Judge